UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:23-cv-00125

———

**Ronnie Melvin Thibideaux,**
*Plaintiff,*
v.
**Gregg County Jail et al.,**
*Defendants.*

———

# ORDER

Plaintiff Ronnie Thibideaux, an inmate of the Texas Department of Criminal Justice proceeding pro se, filed this lawsuit complaining of alleged deprivations of his constitutional rights. Doc. 1. The case was referred to a magistrate judge. Doc. 2.

Plaintiff, in his amended complaint, sues the Gregg County Jail, Dr. Gary Wyte, and Lieutenant Tubbs. Doc. 5 at 1. He alleges that defendant Wyte changed his dosages of medications, denied prescribed medication, and was responsible for plaintiff's manic episode. *Id.* at 3. He further alleges that defendant Tubbs heard his complaints but refused to intervene in these medical decisions. *Id.*

After reviewing the pleadings, the magistrate judge issued a report and recommendation that plaintiff's lawsuit be dismissed without prejudice for failure to state a claim. Doc. 21. The magistrate judge stated that plaintiff's disagreement with Dr. Wyte's assessment of the proper medication dosage, and Dr. Wyte's disagreement with plaintiff's former physicians, did not show deliberate indifference to his serious medical needs. *Id.* at 6.

The magistrate judge further determined that plaintiff did not have a protected liberty interest in having defendant Tubbs resolve plaintiff's grievances and complaints to his satisfaction. *Id.* (citing *Staples v. Keffer*, 419 F. App'x 461, at *2 (5th Cir. 2011) (unpublished)).

- 1 -

Plaintiff's amended complaint also included allegations about the jail's housing and bed availability. *See* Doc. 5-2 at 8. Although plaintiff named the Gregg County Jail as a defendant, the magistrate judge stated that the Gregg County Jail has no separate jural existence apart from the county and cannot be sued in its own name. Doc. 21 at 6–7 (citing *Scott v. Gregg Cnty. Jail*, No. 6:21-cv-00124, 2024 WL 2264400, at *5 (E.D. Tex. Jan. 4, 2024), *report and recommendation adopted*, 2024 WL 2265014 (E.D. Tex. May 17, 2024)). She concluded that plaintiff's allegations did not set out a viable claim against Gregg County. *Id.*

Although plaintiff sued nurse Batson in his original complaint, he did not name her in his amended complaint, which the magistrate judge stated was effectively a voluntary dismissal of any claims against her. *Id.* at 8.

Plaintiff did not file objections to the magistrate's report. Instead, on December 13, 2024, he filed a motion for leave to amend his complaint. Doc. 24. This motion is not in proper form because it does not include a copy of the proposed amended complaint, as required by Local Rule CV-7(k). Though it was filed long after the report and recommendation, the court will construe the motion as objections to the magistrate judge's report. The court reviews the objected-to portions of a report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Plaintiff says that he was brought to the nurse's station on February 1, 2023, where he met with defendant Wyte for evaluation. Doc. 24-1 at 1. He says that Dr. Wyte noticed that plaintiff was "in a very arrogant and belligerent state of mind" and was agitated from having been isolated in a single cell on suicide watch. *Id.* He states that Dr. Wyte told plaintiff that his dosage of Seroquel was too much and that he was going to reduce it to 50 mg. *Id.* Plaintiff asked about being housed in the medical unit, but Dr. Wyte told him that the medical unit was overcrowded so he would be housed in general population. *Id.*

Plaintiff says that he was then taken out of the doctor's office, but he stumbled and almost fell several times because he is

partially paralyzed on his left side. *Id.* at 1, 3. He also states, for the first time, that the prison is denying him rights afforded to him by the Americans with Disabilities Act, like a "walker, cane[,] wheel chair[,] or crutch[es]." *Id.* at 1.

Neither plaintiff's original complaint, his amended complaint, nor the grievances attached to these complaints say anything about partial paralysis or the ADA. New claims raised for the first time in objections to the magistrate judge's report are not properly before the court, and where such claims are raised, the district court does not abuse its discretion in denying leave to amend. *Omran v. Prator*, 674 F. App'x 353, 355 (5th Cir. 2016) (unpublished) (first citing *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001); and then citing *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992)). Accordingly, the court will not consider those objections.

Plaintiff also objects that he is the oldest inmate in the unit and is "surrounded by very scary disrespectful" inmates that are "rebellious towards [him]." Doc. 24-1 at 3. In his original complaint, he acknowledged that he was "housed with young obnoxious gang members" that forced plaintiff to conform to their demands. Doc. 5-2 at 7. He does not state what demands he was forced to conform to. Even if plaintiff did name a proper jural entity as to these claims, plaintiff's allegations are not enough to state a claim for an Eighth Amendment violation. *See Brown v. Bufkin*, No. 1:17-cv-00306, 2019 WL 3220002, at *4 (S.D. Miss. July 17, 2019) (noting a "generalized fear of gang-related inmates" is not, by itself, enough for a deliberate indifference claim).

The remainder of plaintiff's objections largely repeat the allegations of his complaint. The magistrate judge correctly determined that plaintiff's disagreement with Dr. Wyte's medical judgment concerning his medication dosages does not show that the doctor was deliberately indifferent to his serious medical needs. Doc. 21 at 5. Plaintiff does not otherwise controvert the magistrate judge's assessment. Thus, his objections are without merit.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendations. However, the court departs from the magistrate judge's recommendation of dismissal without prejudice. *See Csorba v. Varo, Inc.*, 58 F.3d 636, 1995 WL 371063, at *1 n.2 (5th Cir. 1995) (unpublished) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)) (noting that normally dismissals pursuant to Rule 12(b)(6) "are dismissals on the merits and so should be dismissed with prejudice").

The court dismisses this case with prejudice for failure to state a claim upon which relief may be granted as to defendants Dr. Wyte, Lieutenant Tubbs, and the Gregg County Jail. Construing the amended complaint as a voluntary dismissal as to Nurse Batson, the court dismisses the claims against Nurse Batson without prejudice. Any pending motions are denied as moot.

*So ordered by the court on July 30, 2025.*

J. CAMPBELL BARKER
United States District Judge

- 4 -